UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERI FARRAR,<br><br>       Plaintiff,<br><br>v.<br><br>CATALINANRESTAURANT GROUP, INC. et al.,<br><br>       Defendants. | Case No.:  15cv2407-L(RBB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY OR DISMISS** |

  Pending in this putative labor class action is Defendants' motion to dismiss or stay proceedings. Plaintiff filed an opposition and Defendants replied. For the reasons which follow, the motion is denied.

  Plaintiff Jeri Farrar contends Defendants Catalina Restaurant Group, Inc. and Food Management Partners, Inc. ("Defendants") violated the federal and California Worker Adjustment Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. & Cal. Labor Code §§1400 *et seq*. ("WARN"), and the California Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 ("UCL"), by failing to provide proper notice and severance pay before a mass layoff. She seeks declaratory and monetary relief on her own behalf and on behalf of a putative class.

Defendants move to dismiss or stay this action until the resolution of *Fast v. Food Management Partners, Inc. et. al*, case no. 15cv2626, pending in the United States District Court for the Central District of California ("*Fast*"). *Fast* was filed before the instant action by a different plaintiff on behalf of essentially the same putative class alleging essentially the same claims against the same Defendants. Defendants argue this action should be dismissed or stayed as duplicative of *Fast* based either on the first-to-file rule of comity, *see, e.g., Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir.2000), or the Court's inherent authority to manage its docket in the interests of efficiency and judicial economy, *see e.g., Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Under the first to file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). "While no precise rule has evolved, the general principle is to avoid duplicative litigation, and to promote judicial efficiency." *Barapind*, 225 F.3d at 1109 (internal quotation marks, brackets and citations omitted).

Defendants argue this action should be dismissed or stayed because it is duplicative of *Fast*. While it is beyond dispute that this action was filed second against the same defendants based on essentially the same claims, the plaintiffs are not the same. Defendants point to the definitions of the putative plaintiff classes alleged in the operative complaint in each action.[1] However, as no class action has been certified in either of the cases, reliance on the scope of the plaintiff class is premature. It is undisputed that the named plaintiffs in each action are not the same.

---

[1] Plaintiff disputes that the classes are the same, and argues that this action is brought on behalf of a smaller set of putative class members who were employed at Defendants' headquarters in Carlsbad, California, and are not subject to arbitration agreements. Plaintiff's assertion, however, is unsupported by the allegations, including the putative class definition, in the complaint.

2

15cv2407-L(RBB)

1 Defendants next argue that identity of the parties is not required, and that
2 substantial similarity suffices.  In the absence of any indication that the *Fast* plaintiffs
3 and Plaintiff herein are in any way related, acting in concert, representing each other's
4 interests, or even represented by the same counsel, the Court has no basis to conclude that
5 the parties are substantially similar.  Accordingly, the Court declines to stay or dismiss
6 this action under the first to file rule.

7 Alternatively, Defendants request a stay under the Court's inherent power to
8 "control the disposition of the causes on its docket with economy of time and effort for
9 itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  Defendants maintain they
10 will "suffer prejudice if forced to simultaneously litigate cases with identical
11 claims/classes before separate courts with the possibility of inconsistent judgments."
12 (Mot. at 5.)  Plaintiff, on the other hand, contends she will be prejudiced because the
13 resolution of *Fast* could take a long time, given that at least some of the lead plaintiffs
14 therein had apparently signed arbitration agreements which not only preclude litigation of
15 the asserted claims in court, but also preclude class actions, whether in court or by
16 arbitration.  (*See* Opp'n Ex. 1.)

17 In considering Defendants' motion, the Court "must weigh competing interests and
18 maintain an even balance." *Landis*, 299 U.S. at 254-55.  The movant "must make out a
19 clear case of hardship or inequity in being required to go forward, if there is even a fair
20 possibility that the stay for which he prays will work damage to someone else.  Only in
21 rare circumstances will a litigant in one cause be compelled to stand aside while a litigant
22 in another settles the rule of law that will define the rights of both." *Id*. at 255.  Even
23 where the other action in all likelihood will settle many issues of law or fact and simplify
24 the action sought to be stayed, the "burden of making out the justice and wisdom of a
25 departure from the beaten track lay[s] heavily on the ... suppliants for relief, and
26 discretion [is] abused if the stay [is] not kept within the bounds of moderation." *Id*. at
27 256.  Accordingly, to warrant a stay of even modest duration, the moving party must
28 show a "pressing need." *See id.* at 255.

1    The Court is not persuaded by Defendants' claimed need.  Defendants contend the actions are almost the same.  Although this could potentially present duplication of effort, such as discovery requests and responses, it also suggests that Defendants could re-purpose their work in the *Fast* case for purposes of this pending action.[2]  Moreover, *Fast* is a putative class action.  Even if the Court were to grant Defendants' motion and dismiss this action or stay it for the duration of *Fast*, Defendants would not necessarily avoid the duplication of effort.  If class certification is ultimately granted in *Fast*, Plaintiff herein would presumably be included in the scope of the class.  However, she has a right to exclude herself, avoid the effect of the judgment which binds the class members, and bring an action of her own.  *See* Fed. R. Civ. Proc. 23(c)(2)(v) (class members' right to exclude themselves from the class) & (3)(B) (judgment not binding on the members who exclude themselves).  By filing her own action, Plaintiff has in effect already excluded herself from the *Fast* class.  Staying or dismissing this action would not preclude Plaintiff from formally excluding herself from the *Fast* class upon receiving notice of class certification.  She would then be free to re-file her action or return to this Court.  Granting Defendants' motion would therefore require a futile act.  Accordingly, the motion is denied

For the foregoing reasons, Defendants' motion to stay or dismiss this action is **DENIED**.

Dated:  May 2, 2016

_____
Hon. M. James Lorenz
United States District Judge

---

[2] Defendants' concern about inefficiencies and duplication can be mitigated short of the drastic remedies of stay or dismissal if they request coordination of discovery between the two proceedings.