O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERI FARRAR, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CATALINA RESTAURANT GROUP, INC. and FOOD MANAGEMENT PARTNERS, INC.<br><br>Defendants. | Case No. 16-cv-09066 DDP (JCx)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**<br><br>[Dkt. 52] |

Presently before the court is Defendants' motion for Rule 11 sanctions against Plaintiffs. Having considered the parties' submissions and heard oral argument in this matter, the court adopts the following Order.

**I. BACKGROUND**

Plaintiffs Keri Farrar, Kyle Whitney, Gary Graham, Bill Dizon, Francisco Jiminez, and Gina McMahon ("Plaintiffs") brought this putative class action against Defendants Catalina Restaurant Group, Inc. and Food Management Partners, Inc. (collectively,

"Defendants") for violations of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101, *et seq.*, and the California WARN Act, both resulting from an April 2015 reduction in force at Catalina Restaurant Group's corporate headquarters. (Dkt. 1, 41). Prior to the filing of dispositive motions on Plaintiffs' Second Amended Complaint ("SAC"), Defendants moved for sanctions pursuant to Federal Rule of Civil Procedure 11. (Dkt. 52).

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 11, a complaint must, "to the best of the [attorney]'s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," contain factual contentions with evidentiary support or "if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

"[A]n attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' (or proposes a good faith extension of the existing law) and that it is not filed for an improper purpose." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *see* Fed. R. Civ. P. 11(b). When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian*, 286 F.3d at 1127 (internal quotations and citation omitted). Courts should "reserve sanctions for the rare and exceptional case where the action is clearly frivolous . . . ." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

**III. DISCUSSION**

Defendants contend that Plaintiffs' complaint violates Rule 11 as its claims are "identical" to the claims raised in another action, *Ross v. Catalina Restaurant Group*, Case No. CV 15-02626 DDP (JPR) (hereinafter "*Ross*"). (Dkt. 52-1, at 3). In *Ross*, a different set of plaintiffs sued one of the same defendants, Catalina Restaurant Group ("Catalina"),

for federal and state WARN Act violations arising from a similar set of operative facts. (*Ross*, Dkt. 60). In *Ross*, the court granted the defendants' Motion for Summary Judgment, in part because the *Ross* plaintiffs did not dispute that Catalina "did not lay off more than fifty people in the aggregate at the corporate headquarters in the ninety days before, or the ninety days after, April 2015." (*Id.* at 3). This minimum threshold of fifty employees was required for the *Ross* plaintiffs to invoke the notice requirements of the federal and California WARN Acts. (*Id.*) *See* 29 U.S.C. § 2101(a); Cal. Lab. Code § 1400(c), (d). Defendants assert that Plaintiffs' current action is duplicative of *Ross* and therefore frivolous. As in *Ross*, the present lawsuit arises from an April 2015 reduction in force at Catalina's corporate headquarters. Further, a threshold question will be whether Catalina laid off at least at least fifty employees as part of the April 2015 reduction in force, thereby triggering the notice requirements of the federal and California WARN Acts.

Plaintiffs counter that they are not bound by the judgment in *Ross*. First, they are a completely separate set of plaintiffs than in *Ross*, and represented by a different set of attorneys. In addition, Plaintiff Gina McMahon, was a claims examiner at Catalina's corporate headquarters from 2006 until April 1, 2015. (McMahon Decl., Dkt. 55-1, ¶ 3). McMahon filed a declaration stating that at least 50 employees were terminated at that location within thirty days of April 1, 2015. (Id. ¶ 4). Plaintiffs' counsel Jeff Dingwall also declares that, on the basis of "many client interviews," he "learned that more than 50 employees were terminated in the April 2015 reduction-in-force." (Dingwall Decl., Dkt. 55-2, ¶ 8). As a result, Plaintiffs' counsel believed there to be reasonable grounds for pursuing WARN Act claims against Defendants.

At this stage in the litigation, the court declines to impose Rule 11 sanctions because the SAC's assertions are "factually baseless" or alleged without the benefit of a "reasonable and competent" inquiry by counsel. *Christian*, 286 F.3d at 1127. Although a previous set of plaintiffs in *Ross* failed to contest Defendants' evidence regarding the number of employees laid off Catalina's corporate headquarters, this fact does not bind a subsequent set of plaintiffs in a separate lawsuit. Therefore, at this juncture, the court is

inclined to credit Plaintiffs' declarations that they have evidence of their factual contention about the number of employees laid off at Catalina's corporate headquarters, and that the present lawsuit against Defendants is not baseless or brought in bad faith.

**IV. CONCLUSION**

    For the reasons stated above, the court DENIES Defendants' motion for Rule 11 sanctions.

**IT IS SO ORDERED.**

Dated: September 14, 2017

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE